DIAMOND · SHOE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3453.    Promulgated March 12, 1929.

*Myron A. Finke, Esq.*, and *Joseph J. Klein, Esq.*, for the petitioner.
*James L. Backstrom, Esq.*, for the respondent.

OPINION.

TRAMMELL: We have set forth ..n our findings above the method used by the respondent in computing the average prewar income of the affiliated corporations. The parties have stipulated that the respondent's result is wrong in that the income of the Massachusetts corporation for the year 1913 was $41,268.43 instead of $35,721.79 as used by him.

It is contended that the Commissioner was in error in computing the average prewar income as he did. The petitioner argues for a method that arrives at the average prewar income of each corporation separately. The following table shows the difference:

Commissioner's determination

| Income of— | 1911 | 1912 | 1913 | Total |
|---|---|---|---|---|
| Diamond Shoe Co. (New York) | $26,549.76 | $22,683.78 | $32,351.95 | |
| Diamond Shoe Co. (Mass.) | | 3,610.81 | 35,721.79 | |
| Total | 26,549.76 | 26,294.59 | 68,073.74 | |
| Plus Federal tax paid during year | | | 176.84 | |
| Total | 26,549.76 | 26,294.59 | 68,250.58 | $121,094.93 |
| Average net income for prewar period ($121,094.93 divided by 3) | | | | 40,364.98 |

*Petitioner's determination*

| Income of— | 1911 | 1912 | 1913 | Total |
|---|---|---|---|---|
| Diamond Shoe Co. (New York) | $26,549.76 | $22,683.78 | $32,351.95 | |
| Plus Federal tax paid during year | | | 176.84 | |
| Total | 26,549.76 | 22,683.78 | 32,528.79 | $81,762.33 |
| Average prewar income of the Diamond Shoe Co. (New York) | | | | 27,254.11 |
| 1913 | | | | |
| Average prewar income of the Diamond Shoe Co. (Mass.) | | | | 41,268.43 |
| *Summary* | | | | |
| Average prewar income of Diamond Shoe Co. (New York) | | | | 27,254.11 |
| Average prewar income of Diamond Shoe Co. (Mass.) | | | | 41,268.43 |
| Total average prewar income of both companies | | | | 68,522.54 |

Section 320 (b) of the Revenue Act of 1918 provides:

The average net income for the prewar period shall be determined by dividing the number of years within that period during the whole of which the corporation was in existence into the sum of the net income for such years, even though there may have been no net income for one or more of such years.

Section 310 of the same Act provides:

That as used in this title the term "prewar period" means the calendar years 1911, 1912, and 1913, or, if a corporation was not in existence during the whole of such period, then as many of such years during the whole of which the corporation was in existence.

Section 330 of the same Act provides:

That in the case of the reorganization, consolidation, or change of ownership, after January 1, 1911, of a trade or business now carried on by a corporation, the corporation shall for the purposes of this title be deemed to have been in existence prior to that date, and the net income and invested capital of such predecessor trade or business for all or any part of the prewar period prior to the organization of the corporation now carrying on such trade or business shall be deemed to have been the net income and invested capital of such corporation.

If such predecessor trade or business was carried on by a partnership or individual the net income for the prewar period shall, under regulations prescribed by the Commissioner with the approval of the Secretary, be ascertained and returned as nearly as may be upon the same basis and in the same manner as provided for corporations in Title II, including a reasonable deduction for salary or compensation to each partner or the individual for personal services actually rendered.

Under the provisions of section 330, both the corporations are deemed to have been in existence during the prewar years if the businesses to which they succeeded were carried on during those years. The Diamond Shoe Co. of Massachusetts took over the assets and business of a shoe factory in Brockton, Mass., which theretofore had been conducted under the name of the Ideal Shoe Co. This

occurred in 1912, but there is no evidence as to how long the business of the Ideal Shoe Co. had been operated. If it had been operated during the prewar years then under the statute, the Diamond Shoe Co. is deemed to have been in business during those years. There is no evidence as to this fact, nor as to the prewar income, if any, during the period prior to July, 1912.

It may well be that the business to which the Massachusetts corporation succeeded was in existence, but had no net income other than as stated or used by the respondent.

In view of this fact, we can not find that the respondent was in error as to the amount of the deficiency.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*